UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNIOR A. PORTER,

       Plaintiff,

                                         Case No. 2:17-cv-10185
v.                                         Honorable Denise Page Hood

WEXFORD COUNTY JAIL
and GRAY WEBSTER,

       Defendants.

_____/

## ORDER AMENDING THE CAPTION
## AND
## TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

This matter recently came before the Court on plaintiff Junior A. Porter's *pro se* civil rights complaint. Plaintiff is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The defendants are the Wexford County Jail in Cadillac, Michigan and Wexford County's jail administrator, whom Plaintiff has identified as "Gray Webster." The Court takes judicial notice that the correct spelling for Mr. Webster's first name is "Greg."[1] The Court therefore orders the Clerk of the Court to amend the caption for this case to read "Junior A. Porter v. Wexford County Jail and Greg Webster."

---

[1] *See* http://www.wexfordsheriff.org/DivisionsStaff/Administration.aspx.

Plaintiff alleges in his complaint alleges that, while he was confined at the Wexford County Jail from April 19, 2013, through December 9, 2013, he was denied immediate medical treatment, proper mental health care, proper housing while quarantined, legal representation, and the resources he needed to conduct legal research.  Plaintiff's claims for relief are:  (1) the conditions of confinement at Wexford County Jail are unconstitutional; and (2) the Wexford County Jail has no legal library on the premises.  Plaintiff seeks money damages to cover the costs of his medical and housing bills and to compensate him and his family for their pain, suffering, and duress.  Plaintiff also seeks to have Wexford County provide a law library for its inmates in memory of Plaintiff's deceased son, whose funeral Plaintiff was unable to attend while he was detained at the jail.

A preliminary question is whether this district is the proper venue for Plaintiff's complaint.

A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Simply stated, "a civil action must be brought in the judicial district where all the defendants reside or where the claim arose."  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  "Public officials 'reside' in the county in which they serve for purposes of venue in a suit challenging official acts."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 n.2 (E.D. Mich. 2009).  When a case is filed in the wrong district, a district court must dismiss the case or, in the interest of justice, transfer the case to any district where the case could have been brought.  28 U.S.C. § 1406(a).

Plaintiff's claims arose in Wexford County, and defendant Webster performs his official duties there.  Wexford County is located within the geographical confines of the Southern Division of the United States District Court for the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  The proper venue for Plaintiff's complaint is the federal court in the Western District of Michigan.

The Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).  Because the Eastern District of Michigan is not the proper venue for Plaintiff's complaint, the Court has not screened the complaint under 28

U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether Plaintiff may proceed without prepayment of the fees and costs for this action.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: February 3, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 3, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager