UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUNIOR A. PORTER,

                    Plaintiff,                    Case No. 1:17-cv-119

v.                                        Honorable Robert J. Jonker

WEXFORD COUNTY JAIL, et al.

                    Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous and for failure to state a claim.

**Factual Allegations**

Plaintiff Junior A. Porter is presently incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  He is serving a sentence of 6 to 20 years for delivery or manufacture of methamphetamine.  Plaintiff was convicted in Wexford County, Michigan.  Plaintiff's complaints of unconstitutional treatment stem not from his incarceration in a state correctional facility, but from his stay as a pretrial detainee in the Wexford County Jail from April 19, 2013 to December 9, 2013.

Plaintiff alleges that during his stay in the jail he was denied appropriate medical treatment, subjected to inadequate conditions of confinement in light of his medical condition, and denied access to legal research facilities.  Plaintiff sues the Wexford County Jail and Jail Administrator Greg Webster.  Plaintiff notes that the jail has no grievance process.

Plaintiff asks that Wexford County pay his medical bills and housing fees, create a law library for county jail inmates, and pay damages to Plaintiff in the amount of $5,000,000.

**Discussion**

I.      Plaintiff's claims are untimely

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run

- 2 -

when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely.  He asserts claims arising between April 19 and December 9 of 2013.  Plaintiff had reason to know of the "harms" done to him at the time they occurred.  Hence, his claims accrued, at the latest, by December 9, 2013.  However, he did not file his complaint until January, 2017, past Michigan's three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).   Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991);  *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate.  *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at

---

[1]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

*1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

- 4 -

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Construed liberally, Plaintiff attempts to raise claims for violation of his Fourteenth Amendment rights as a pretrial detainee[2] and his First Amendment right of access to the courts.

A.      Wexford County Jail as a defendant

Plaintiff sues the Wexford County Jail.  The jail is a building, not an entity capable of being sued in its own right.  However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Wexford County. Wexford County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

---

[2]Pretrial detainees held in jail are protected under the Due Process Clause of the Fourteenth Amendment, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  The Eighth Amendment protections against cruel and unusual punishment are considered to be coterminous under the Fourteenth Amendment Due Process Clause.  *See, e.g., Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir.2001); *Thompson v. County of Medina*, 29 F.3d 238, 241 (6th Cir. 1995); *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985)).  Thus, the Court is guided by Eighth Amendment principles in considering Plaintiff's claim.

### 1.  First Amendment claim

Plaintiff's allegation that Wexford County does not provide a law library for its inmates might be construed to state a claim based on the county's policy or custom.  It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Prison officials have a two-fold duty to protect a prisoner's right of access to the courts.  *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995).  First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration.  *Id.* (citing *Bounds*, 430 U.S. at 824-28).  Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts.  *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation.  *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.  The Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415

(2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Where, as here, "the access claim . . . looks backward,[3] the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim.

---

[3]Backward-looking claims "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims . . . is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Christopher*, 536 U.S. at 414 (footnotes omitted). In contrast, the "essence"of a forward-looking claim "is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413.

*Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Plaintiff fails to allege the underlying cause of action.  Moreover, he does not aver any actual injury. He has not identified any cause of action that was lost as a result of Wexford County's alleged law library deficiency.

It is apparent that Plaintiff lost his criminal case, but a prisoner who is represented by counsel has no freestanding right to access a jail law library.  "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"  *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825).  An inmate's right of access to the courts is fully protected if he is represented by counsel. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).  *Cf. United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) (defendant's waiver of right to court-appointed counsel and decision to represent self in defense of criminal prosecution constituted waiver of right of access to law library).  Plaintiff acknowledges he was represented by counsel in his criminal case, even though he was not satisfied with the result. His right of access to the courts was therefore adequately protected.

Similarly, Plaintiff cannot attribute the dismissal of this action as an injury arising from any deficiencies in Wexford County's legal assistance.  Since December 9, 2013, he has been incarcerated with the Michigan Department of Corrections.  Based on other lawsuits he has filed[4]

---

[4]*Porter v. Mental Health Department*, No. 2:17-cv-10577 (E.D. Mich.); *Porter v. Rice*, No. 2:17-cv-10556 (E.D. Mich.) (Compl., ECF No. 1, PageID.9) ("Mr. Porter has been taking law classes and stud[y]ing at the Law Library since 2015.")

it is apparent he has enjoyed access to a law library while in the custody of the state.  Accordingly,

Plaintiff has failed to state a claim against Wexford County for denial of his First Amendment rights.

2.      Fourteenth Amendment claims

Plaintiff's claims do not mention any official policy or custom of Wexford County

that caused his improper medical treatment.  Accordingly, it appears that Plaintiff's allegations

against the county with regard to this claim essentially rest on a theory of vicarious liability and

therefore do not state a claim.  *Id.*  To the extent that Plaintiff suggests the existence of a custom to

deny proper medical treatment, his allegations are wholly conclusory.  As the Supreme Court has

instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the

municipality was deliberately indifferent to "practices so persistent and widespread as to practically

have the force of law."  *Connick*, 131 S. Ct. at 1359.  Plaintiff's references to improper medical

treatment relate only to his treatment during his eight-month stay in the Wexford County Jail.  His

allegations fail to demonstrate a widespread pattern.  Conclusory allegations of unconstitutional

conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 556 U.S.

at 678; *Twombly*, 550 U.S. at 555 (2007).

Plaintiff therefore fails to state a claim against Wexford County.  Accordingly, the

Court will dismiss the Wexford County Jail.

B.      Defendant Gray Webster

Plaintiff's  complaint  does  not  include  any  allegations  specifically  mentioning

Defendant Webster.  Plaintiff does mention an unnamed jail administrator: "the return to Hospital

care due to Jail administrator[']s refusing to follow doctor's recommendations."  (Compl., ECF No.

1, PageID.3.)  It is a basic pleading essential that a plaintiff attribute factual allegations to particular

defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).  Plaintiff fails to even mention Defendant Webster in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

In his Fourteenth Amendment "Argument," Plaintiff states:

> Mr. Porter asked officers, nurses and sent many kites regarding Medical issues on more than one occasion.  Some issues were Detoxification upon arrest, back pain upon arrest, mental health treatment upon arrest, mental health treatment during the death of his son, mental health treatment during denial to attend at son's funeral, Medical Treatment upon contracting MHRSA, Conditions of Confinement during

Quarantine, Confinement with no Shower or adequate cleaning facilities while Quarantined and the return to Hospital care due to Jail administrator[']s refusing to follow doctor's recommendations.

(Compl., ECF No. 1, PageID.3.)  To the extent Plaintiff seeks to hold Defendant Webster liable for the actions of his subordinates at the county jail, Plaintiff has failed to state a claim.  A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability.  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior.  There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

## 1.    First Amendment claim

Plaintiff's First Amendment access to the courts claim against Defendant Webster fails for the same reason Plaintiff's claim against Wexford County fails: Plaintiff has failed to allege

an underlying cause of action or actual injury.  Accordingly, Plaintiff's First Amendment claim against Defendant Webster is properly dismissed.

2.      Fourteenth Amendment claim

Even if the allegation that "Jail administrator[']s refusing to follow doctor's recommendations" sufficiently attributes factual allegations to Defendant Webster, Plaintiff has still failed to state a claim.  As referenced above,  as a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment.  *Richko v. Wayne Cty*., 819 F.3d 907, 915 (6th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).  Under the Fourteenth Amendment Plaintiff is "entitled to the same Eighth Amendment rights as other inmates."  *Id.*  "Thus, Supreme Court precedents governing prisoners' Eighth Amendment rights also govern the Fourteenth Amendment rights of pretrial detainees."  *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical

judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff's allegations regarding his "return to Hospital" are scant. Nonetheless, he attaches to his complaint several documents from the hospital. (Compl. Exhibits, ECF No. 1, PageID.4-32.) The documents reveal that Plaintiff noted a lump on his abdomen on Monday, September 2, 2013. He was transferred from Clare, Michigan to Cadillac, Michigan to permit examination by a nurse. On Tuesday, September 3, 2013, the nurse examined Plaintiff and sent him to the emergency room. At the hospital, a doctor incised and drained the lump. The hospital provided antibiotics and sent Plaintiff back to the jail. "[Plaintiff] was having daily dressing changes by the nurse as well as daily evaluation in the emergency department." (*Id.*, PageID.6.) On September 6, 2013, upon Plaintiff's return to the emergency room, the staff noted that Plaintiff's condition had worsened. Dr. Heeringa noted "[Plaintiff] denies doing anything to the wound that he should not have and states he has been compliant with his medication but I have no proof of this." (*Id.*, PageID.13.) Dr. Marcus and Nurse Kelsey similarly noted "there may have been some compliance issues as [Plaintiff is] outpatient . . . .") (*Id.* PageID.8.) Plaintiff was admitted for the

- 14 -

administration of intravenous antibiotics.  He was discharged on September 9, 2013 with the following instructions:

> [P]acking with Aquacel packing into the abdominal wound daily until the wound is completely close[d].  This could require up to 1 month.  Each day after removing the dressing the patient should shower and wash the wound with soap and water and pat dry.

(*Id.*, PageID.5.)  There is no allegation that Plaintiff returned to the hospital after September 9, 2013.

Whatever action Defendant Webster took or failed to take, Plaintiff has failed to allege that Defendant Webster did so with deliberate indifference.  Moreover, Plaintiff received significant and recurring treatment for his condition.  Certainly, under the circumstances described in the documents Plaintiff has provided, he cannot show that his treatment was so inadequate that it amounted to no treatment at all.  Accordingly, Plaintiff has failed to state a claim against Defendant Webster.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:    March 20, 2017              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE